IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRAD HOLDAWAY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PROVO RIVER WATER USERS ASSOCIATION, a Utah corporation,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19-cv-00467-JCB<br><br>Magistrate Judge Jared C. Bennett |

　　　　All parties in this case have consented to Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Due to Judge Warner's retirement, Magistrate Judge Jared C. Bennett is now assigned to preside over this action.[2] Before the court is Defendant Provo River Water Users Association's ("PRWUA") motion to dismiss.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. *See* DUCivR 7-1(f). Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.

---

[1] ECF No. 12.
[2] ECF No. 18.
[3] ECF No. 7.

## BACKGROUND[4]

Plaintiff Brad Holdaway ("Mr. Holdaway") was employed by PRWUA as a Water Master from March 5, 2018 to October 18, 2018. Although most of Mr. Holdaway's work took place outside of the office, Mr. Holdaway routinely accessed the office building in the morning and evening hours to retrieve reports and complete upcoming schedules.

On September 3, 2018, Mr. Holdaway arrived at the office around 6:30 p.m. When he entered the building, Mr. Holdaway observed that Keith Denos, his supervisor, had his office door closed. Approximatively ten minutes after Mr. Holdaway's arrival at the office, he witnessed Shawna Orlando, an administrative assistant, exit Mr. Denos's office followed by Mr. Denos soon after. Mr. Holdaway claims that it was "apparent" to him that Mr. Denos and Ms. Orlando "were engaging in sexual activity at the office."[5] After this incident, Mr. Holdaway alleges he again encountered Mr. Denos and Ms. Orlando working alone together late at night on September 8th and later observed either one or both of their vehicles in the parking lot at night on September 28th and October 9th. Other than seeing them or their cars together, Mr. Holdaway's amended complaint is silent as to any other indicia that made it "apparent" to him that sexual activity had occurred between Mr. Denos and Ms. Orlando.

After "discovering" the purported affair, Mr. Holdaway alleges that "things became hostile at work" because "Mr. Denos began working towards ending [Mr. Holdaway's] employment."[6] On October 9th and 15th, comments were made to Mr. Holdaway inferring that his job was of a temporary nature, and, on another occasion, Mr. Holdaway was told that he was

---

[4] Unless noted otherwise, the background facts are drawn from Mr. Holdaway's amended complaint.
[5] ECF No. 5 at 3.
[6] *Id.*

not a good fit and should look for another job. On October 16th, Mr. Denos notified Mr. Holdaway that October 31st would be Mr. Holdaway's last day.

Two days later, on October 18, 2018, Mr. Holdaway hand delivered a letter to Mr. Denos wherein Mr. Holdaway complained of a sexually hostile work environment. The letter described the September 3rd "discovery" of sexual relations between Mr. Denos and Ms. Oswald and noted the times that Mr. Holdaway had observed Mr. Denos and Ms. Orlando working at the office late at night. Mr. Denos terminated Mr. Holdaway's employment upon reading the letter.

Mr. Holdaway filed suit against PRWUA on July 5, 2019, alleging causes of action for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000-17. PRWUA moves to dismiss both causes of action pursuant to Rule 12(b)(6). PRWUA's motion is well taken.

## LEGAL STANDARD

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When determining plausibility, the court accepts all well-pleaded allegations in the amended complaint as true and views those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards Training*, 265 F.3d 1144, 1149 (10th Cir. 2001). The court's search for such allegations is limited to the four corners of the amended complaint, documents attached thereto, and any external documents that are referenced in the

amended complaint whose authenticity is not in dispute. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

## DISCUSSION

### I. Sexual Harassment Claim

Mr. Holdaway has failed to state a claim for hostile environment sexual harassment. Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment" based on sex. 42 U.S.C. § 2000e–2(a)(1). "[C]ourts have consistently recognized two distinct categories of sexual harassment claims: *quid pro quo* sexual harassment and hostile work environment sexual harassment." *Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1413 (10th Cir. 1987) (citation omitted). Mr. Holdaway proceeds on a hostile work environment theory. To state a plausible claim of sexual harassment based on a hostile work environment under Title VII, Mr. Holdaway must show that: (1) he is a member of a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on sex; and (4) "[due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1263 (10th Cir. 2005) (alteration in original) (citation omitted); *see also Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007). The court assumes, without deciding, that Mr. Holdaway's amended complaint sufficiently pleads facts sufficient to find the first two elements of his claim. However, as shown below, he fails to plead sufficient facts to plausibly satisfy the third and fourth elements referenced above, which requires dismissal of his first cause of action.

### A. The Third Element

Mr. Holdaway has failed to show that PRWUA discriminated against him based on sex. The term "sex" under Title VII refers to a class delineated by gender. *Taken v. Okla. Corp. Comm'n,* 125 F.3d 1366, 1369 (10th Cir.1997); *Dick,* 397 F.3d at 1263. Thus, to satisfy the third element of his first cause of action, Mr. Holdaway must show that the conditions of employment or disadvantageous terms were based on Mr. Holdaway's gender. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998); *Stahl v. Sun Microsystems, Inc.,* 19 F.3d 533, 538 (10th Cir. 1994) ("If the nature of an employee's environment, however unpleasant, is not due to [his] gender, [he] has not been the victim of sex discrimination as a result of that environment.").

Mr. Holdaway has not alleged that he was harassed or otherwise subjected to objectionable behavior because of his gender. Although the comments made to Mr. Holdaway suggest an impending termination, there is nothing to show that the statements were made because Mr. Holdaway identifies as a male. Likewise, the alleged sexual activity between Mr. Denos and Ms. Oswald was neither directed at Mr. Holdaway nor occurred because of his gender. Consequently, Mr. Holdaway has failed to plead facts that are sufficient to meet the third element of this first cause of action, which requires its dismissal.

### B. The Fourth Element

Mr. Holdaway's amended complaint fails to plead facts that plausibly show that the discriminatory acts to which he was purportedly subjected were sufficiently pervasive or hostile to state a claim for sexual harassment. Title VII only prohibits behavior "so objectively offensive so as to alter the 'conditions' of the victim's employment." *Oncale,* 523 U.S. at 81. Indeed, the United States Supreme Court has said that to qualify as a hostile environment, the workplace

5

must be "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, (1993) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)). Given this standard, "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment . . . is beyond Title VII's purview." *Id*.

No reading of Mr. Holdaway's amended complaint, no matter how generous, leads to the conclusion that he plausibly suffered from a work place that was so permeated with "intimidation, ridicule, and insult" to alter the conditions of his employment. Being told that he needed to find another job, that he was a temporary employee, or that he is not a good fit does not invoke any sexually discriminatory connotation and, therefore, cannot give rise to a plausible claim here. Accordingly, Mr. Holdaway's first cause of action fails.

## II. Retaliation Claim

Mr. Holdaway's second cause of action for retaliation suffers from the same plausibility flaws as his first cause of action. Title VII contains an anti-retaliation provision that forbids an employer from discriminating against an individual for either opposing a practice that Title VII prohibits or for making a charge, testifying, assisting, or participating "in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e–3(a). To state a claim of retaliation under Title VII, Mr. Holdaway must plead sufficient facts that, when taken as true, plausibly show: "(1) that he engaged in protected opposition to discrimination; (2) that a reasonable employee would have found the challenged action materially adverse; and (3) that a

causal connection existed between the protected activity and the materially adverse action." *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001) (citations omitted).

To engage in protected opposition to discrimination, the plaintiff must have "a reasonable, good-faith belief that the underlying conduct that [he] opposed violated Title VII." *Oliver v. Peter Kiewit & Sons/Guernsey Stone*, 106 F. App'x 672, 675 (10th Cir. 2004). Thus, not only must plaintiff subjectively believe that he reported conduct of a sexually harassing nature, but his belief must be objectively reasonable. *Dockery v. Unified Sch. Dist. No. 231*, 382 F. Supp. 2d 1234, 1242 (D. Kan. 2005). Although a retaliation claim need not be based on opposition to an *actual* violation of Title VII, *see Crumpacker v. Kan. Dep't of Human Res.,* 338 F.3d 1163, 1171 n.5 (10th Cir. 2003), the court nonetheless must evaluate "'[t]he objective reasonableness of an employee's belief that [his] employer has engaged in an unlawful employment practice . . . against existing substantive law.'" *Zimpfer v. Aramark Mgmt. Servs., LP,* 795 F. Supp. 2d 1249, 1253 (D. Utah 2011) (quoting *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999)). Based on the allegations in Mr. Holdaway's amended complaint, Mr. Holdaway clearly possessed a subjective belief that his complaining about purported sexual activity between co-workers was protected. However, as shown in order below, his claims are both factually and legally deficient to survive a motion to dismiss.

First, Mr. Holdaway fails to plead sufficient facts to state an objectively reasonable claim that Mr. Denos and Ms. Oswald engaged in sexual activity while Mr. Holdaway was in the office. Mr. Holdaway encountered two co-workers exiting from a closed-door office at different times. Mr. Holdaway did not actually see, hear, or otherwise observe sexual activity but speculates that it was occurring behind the closed door. Mr. Holdaway then bolsters his

hypothesis by citing an additional date when the employees were working alone together late at night and two instances in which he noticed either one or both of their vehicles in the parking lot late at night. Mr. Holdaway's speculation is not an objectively reasonable belief. Thus, Mr. Holdaway's claim is factually deficient to survive a motion to dismiss.

Second, even assuming *arguendo* that the facts that Mr. Holdaway has pleaded plausibly show ongoing sexual relations between Mr. Denos and Ms. Oswald while Mr. Holdaway was at the office, such relations, as alleged in the amended complaint, are still insufficient to create an objectively reasonable belief that reporting it is protected under Title VII's anti-retaliation provisions. This court's decision in *Zimpfer* is illustrative. In *Zimpfer*, the plaintiff opened a supply closet during work hours and found two co-workers engaged in sexual activity instead of the garbage bags for which he was looking. 795 F.Supp.2d at 1251. The surprised plaintiff reported the incident to his employer's central human resource office when local handling of the uncomfortable incident was not to the plaintiff's liking. *Id*. The plaintiff was then removed from his employment and filed suit claiming retaliation for reporting sexual harassment. *Id.* The plaintiff's employer moved to dismiss. *Id.*

The *Zimpfer* court granted the motion to dismiss because this incident of consensual sexual relations between co-workers was insufficient to provide the plaintiff with an objectively reasonable, good-faith belief that sexual harassment of the plaintiff had occurred. *Id*. at 1253. Thus, even where a plaintiff has visually and audibly witnessed actual sexual conduct between co-workers, it was insufficient without more to create an objectively reasonable belief that reporting such incident was a protected action under Title VII. Assuming that Mr. Holdaway has pled sufficient facts to show that sexual activity was occurring in the work place, that is all he

has shown, which, as noted above, is insufficient to constitute an objectively reasonable belief that he was reporting sexual harassment. Thus, Mr. Holdaway's retaliation claim is legally deficient as a matter of law. Because his second cause of action fails both as a matter of fact and law, it must be dismissed.

## CONCLUSION

Based on the foregoing analysis, Mr. Holdaway has failed to plead sufficient facts to show that either his first or second causes of action state a plausible claim for relief.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that PRWUA's motion to dismiss[7] is **GRANTED**. The claims are dismissed with leave to amend. If Plaintiff desires to pursue the dismissed claims, he shall file a second amended complaint within 30 days of the date of this Order.

**IT IS SO ORDERED.**

DATED this 4th day of June, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[7] ECF No. 7.